UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ANGELA JANELL BURROWS, individually and as independent administrator of, and on behalf of, the ESTATE OF STEPHANIE GONZALES and STEPHANIE GONZALES' heirs-at-law, | § § § § § § § | |
| Plaintiff, | § § | CIV. ACT. NO. 7:20-CV-00062-DC |
| v. | § § | JURY DEMANDED |
| MIDLAND COUNTY, TEXAS; GEORGE DARRELL RHEA; MATTHEW FRANCIS GROESSEL; MONICA MARIE ALLEN; CITY OF MIDLAND, TEXAS; and BLAKE ALLEN BLANSCETT, | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

This case, brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, alleges that Defendants failed to comply with known jail standards, failed to conduct a proper jail intake, and/or ignored Plaintiff's daughter, Stephanie Gonzales, in her cell while she killed herself in the Midland County jail on June 17, 2018. Defendants Midland County, Texas, George Darrell Rhea, Mathew Francis Groessel, and Monica Marie Allen have asked this Court for leave to designate alleged contracted registered nurse Amanda Marshall and her alleged employer, Soluta Health, Inc., as responsible third parties in this matter, pursuant to Texas Civil Practice and Remedies Code Chapter 33 ("Chapter 33"). Plaintiff objects to, and the Court should

deny, Defendants' effort to designate Amanda Marshall and Soluta Health, Inc. as responsible third parties.

## I.      Inappropriate to Apply Chapter 33 to Federal Civil Rights Claims.

Importation of state law into a federal civil rights case, as authorized by 42 U.S.C. § 1988, is appropriate where there is not federal law on the matter "so long as such principles are not inconsistent with the Constitution and laws of the United States." *Moor v. Alameda County*, 411 U.S. 693, 703 (1973)(emphasis added).  Section 1988 does not "authorize the wholesale importation into federal law of state causes of action." *Id.* at 703-704.  In the instant case, a party facing potential liability for claims brought under federal law, such claims alleging that party's violation of an individual's constitutional rights, seeks relief under a state law addressing the apportionment of responsibility between and among multiple parties and/or non-parties in tort actions.

Federal courts in Texas have been remarkably consistent in their refusal to allow designation of responsible third parties under Chapter 33 for federal civil rights actions and in their rationale for same.  "[A]pplication of the Texas proportionate responsibility scheme would frustrate the two primary goals of 42 U.S.C. § 1983-compensation and deterrence.  Some federal courts have refused to apply state laws permitting contribution among joint tortfeasors because it would weaken the 'deterrent value' of section 1983.  An even more compelling reason exists for not applying the Texas proportionate responsibility scheme . . . as it could directly affect, and most likely reduce, the ability of plaintiffs to recover full compensation for their injuries.  Such a result would be wholly inconsistent with the purposes of the federal civil rights laws." *Mims v. Dallas County*, No. 3-04-CV-2754-M, 2006 WL 398177, at 6 (N.D. Tex. Feb. 17, 2006), referencing *Robertson v. Wegmann*, 436 U.S. 584, 590, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978); *Hepburn*

*v. Athelas Institute, Inc.*, 324 F.Supp.2d 752, 759 (D.Md. 2004); and *Mason v. City of New York*, 949 F.Supp. 1068, 1079 (S.D.N.Y. 1996).  (Importantly, the court in *Hepburn* also pointed out, "Moreover, contribution rights should not be read into federal statutes to protect the persons regulated by the statute at the expense of the persons protected by the statute."  *Hepburn* at 756. It is undeniable that Defendants seek in this instance to protect themselves by legally pointing the finger of responsibility at a third party in an effort to lessen their own liability and Plaintiff's recovery, legal maneuvering suited for car accidents, not for the deprivation of constitution rights or for abuses of power.)  The *Mims* court also declined to apply Chapter 33 to the plaintiff's Americans with Disabilities Act and Rehabilitation Act claims, citing *Bowers v. National Collegiate Athletic Ass'n*, 346 F.3d 402 (3rd Cir. 2003) to support the proposition that there was not any indication "that Congress intended to recognize a right to contribution to complement the other judicially-implied remedies under Title II of the [Americans With Disabilities Act] and Section 504 of the Rehabilitation Act."

Even in cases where the involvement of a third party was the immediate cause of injury, Texas federal courts have not permitted civil rights defendants to lessen their own responsibility through the application of Chapter 33.  In *Moran v. Summers*, a police officer, aware that the plaintiff was diabetic, arrested and transported him to jail, where the plaintiff underwent a medical evaluation.  When the jail refused to admit the plaintiff because his high blood sugar levels required emergency medical attention, the officer drove the plaintiff to a hospital and, rather than checking him into the emergency room, dropped him off on the curb and removed his handcuffs.  The plaintiff, in a confused and unsteady state, was struck by a cement truck in a hit-and-run accident. The plaintiff brought claims under § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.  The officer and city defendants sought to have the unknown cement truck

driver named a responsible third party under Chapter 33. *Moran v. Summers*, No. A-15-CA-769-SS, 2016 WL 1610611, at 2 (W.D. Tex. Apr. 20, 2016). Despite the indisputable direct involvement of an unknown third party, Judge Sparks found that allowing the defendants to avoid joint and several liability through the application of Chapter 33 meant the plaintiff would likely not fully recover for his injuries, diminishing the deterrent effect of § 1983, the Americans with Disabilities Act, and the Rehabilitation Act in direct conflict with the policies underlying federal civil rights and anti-discrimination claims. *Id.* at 2.

It is important to carefully distinguish between the cases cited by Defendants in their motion and federal civil rights and anti-discrimination claims like Plaintiff's herein. While Defendants cite a Texas case applying, of course, Texas law, where Chapter 33 was found to apply to wrongful death *claims*,[1] Plaintiff in this case only seeks *remedies and damages* available pursuant to the Texas wrongful death statute and the Texas survival statute. Those are applicable *remedies*, not applicable *claims*, and Plaintiff looks to those statutes only for damages, not causes of action. *See, e.g., Rhyne v. Henderson County*, 973 F.2d 386, 390-391 (5th Cir. 1992).

Plaintiff has not found a case wherein a federal court in Texas allowed the Chapter 33 designation of a responsible third party for a claim brought pursuant to § 1983, the Americans with Disabilities Act, or the Rehabilitation Act, and neither have Defendants. In fact, in the case in Defendants' motion cited as "granting motion for responsible third party in § 1983 case involving wrongful death claims"[2] . . . the court granted the motion to designate responsible third parties brought only by the defendant bar being sued for state law torts. No defendants in that case who were actually subject to a federal claim sought to designate responsible third parties, let alone were

---

[1] *Dugger v. Arredondo*, 408 S.W.3d 825 (Tex. 2013).
[2] *Sullivan v. City of Round Rock*, A-14-CV-349-AWA, 2017 WL 3015423 (W.D. Tex. July 14. 2017).

permitted to do so.  The parties' inability to locate case law to support Defendants' creative procedural request is not unique.  Magistrate Judge Farrer determined that the Fifth Circuit had not addressed the application of Texas's apportionment of responsibility to civil rights claims, that two federal district courts in Texas had determined it was inapplicable, and that "for these same policy reasons [of frustrating the law's goals of compensation and deterrence], the vast majority of district courts outside the Fifth Circuit have refused to permit state law claims of contribution in connection with § 1983 claims."  *Carlos v. Chavez*, No. 5:16-CV-00251-FB-RBF, 2018 WL 3046943, at 2, 4 (W.D. Tex. June 20, 2018).  Federal courts have not applied and do not apply state law such as proportionate responsibility that serves to frustrate the intentions of the federal statutory schemes under which Plaintiff brings her claims.

Beyond precedent contrary to Defendants' arguments, it is simply a terrible miscalculation to permit defendants alleged to have violated an individual's constitutional rights to attempt to apportion the responsibility for having done so to third parties.  The very idea would mean local governments could turn to the creation or institutionalization of scapegoats, such as the alleged contractors in this instance, to cover their unconstitutional tracks, thus potentially thwarting liability entirely.

## II.    Chapter 33 Inapplicable to 1983 Claims Pursuant to the Terms of Chapter 33.

By its plain language, Chapter 33 applies to "any cause of action based on tort" and "any action brought under the [Texas] Deceptive Trade Practices-Consumer Protection Act" "in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought."  A [Texas] "cause of action based on tort" does not include the federal statutory claims brought by Plaintiff in the instant case.  "[T]he [federal False Claims Act] and unjust enrichment claims are excluded from the coverage of the Texas Proportionate

Responsibility Act . . . That statute appears to apply only to actions based on common law torts, and not to statutory causes of action, such as the [False Claims Act], or claims for unjust enrichment." *U.S. v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 773 (N.D. Tex. Aug. 28, 2002), *citing* Tex. Civ. Prac. & Rem. Code § 33.002.  Consequently, Texas federal courts do not apply Chapter 33 in questions of federal statutory claims.  *Carlos v. Chavez*, 2018 WL 3046943 (W.D. Tex. June 20, 2018).

### III.   Defendants Have Not Sufficiently or Timely Pled Chapter 33.

Defendants did not plead sufficient facts concerning the alleged responsibility of Amanda Marshall or Soluta Health, Inc. to satisfy the pleading requirement of the Texas Rules of Civil Procedure to designate either one a responsible third party.  The applicable rule is Texas Rule of Civil Procedure 47, which requires that the pleading contain "a short statement of the cause of action sufficient to give fair notice of the claim involved."  *In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  "Under Texas' standards of notice pleading, the 'fair notice' standard for pleading is satisfied if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant."  *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at 2 (Tex. App.—Dallas 2014), *citing Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).  "In determining whether to grant a motion for leave to designate a responsible third party, the trial court is restricted to evaluating the sufficiency of the facts pleaded by relators and is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the third party's ultimate liability."  *Id.* at 2, *citing In re Unitec Elevator Services Co.,* 178 S.W.3d 53, 62 (Tex. App.-Houston [1st Dist.] 2005, no pet.).

As opposed to pleading facts, Defendants have written their entire motion in the alternative, restating what Plaintiff alleges only as Plaintiff's allegations, not as their own, i.e., "Despite the

*allegedly* obvious need for immediate mental health treatment, Nurse Amanda Marshall *allegedly* failed to conduct an appropriate evaluation."[3]   In fact, Defendants state, "By asserting the following allegations, Defendants do not necessarily admit that Amanda Marshall violated any standard of care, Plaintiffs' [sic] constitutional rights, or caused or contributed to causing Plaintiffs' [sic] claimed damages.  As such, Defendants made the following allegations in the alternative."[4]  Defendants take a similar position with regard to Soluta Health, Inc.: "By asserting the following allegations, Defendants do not necessarily admit that any wrongdoing occurred, or that Amanda Marshall (or her employers) necessarily caused or contributed to causing Plaintiffs' [sic] alleged injuries, violated any standard of care, or violated any constitutional right.  As such, Defendants make the following allegations in the alternative."[5]  Consequently, it is impossible to determine what *facts* Defendants are actually actively affirmatively pleading in their motion, let alone evaluate their sufficiency as notice to Plaintiff.  While it is expected, and might even go without saying, that in the naming of a responsible third party, a defendant will deny his own liability, it is nonsensical for Defendants to take the position that Plaintiff's injuries might be the fault of a person Defendants "do not necessarily admit" caused or contributed to causing Plaintiff's injuries.  Defendants cannot claim that a third party is to blame for injuries Defendants also apparently deny the third party caused.

In addition to Defendants' failure to meet the basic pleading standard, Texas's apportionment of responsibility scheme does not permit surprise application after the statute of limitations has run such that Defendants can "lay behind the log" and designate a responsible third party only when it is too late for Plaintiff to join the third party as a potential defendant.  Defendants

---

[3] Defs. Mot. For Leave to Designate Responsible Third Parties, Doc. 27, at 2 (emphasis added).
[4] *Id.* at 5.
[5] *Id.* at 7.

filed their motion in this case approximately six weeks after the statute of limitations ran, even though they could have done so months before.

Texas Civil Practice and Remedies Code § 33.004(d) states that "A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."  Federal courts applying Chapter 33 (for example, in diversity cases involving personal injury torts) recognize that while the determination of a defendant's "laying behind the log" must be made on a case-by-case basis, the Texas Legislature did not intend to create an unfair result wherein a plaintiff would be left with no recourse against the designated third party and has to take up the added burden of defending an empty chair at trial while a defendant enjoys the unfair advantage of shifting liability to the now judgment-free third party. *Withers v. Schneider National Carriers, Inc.*, 13 F.Supp.3d 686, 690-691 (E.D. Tex. Jan. 22, 2014).  "*Notwithstanding the different disclosure obligations imposed by the Federal and the Texas Rules of Civil Procedure, a defendant has a duty to disclose the existence of any potential responsible third parties as soon as reasonably possible*, so a plaintiff may have an opportunity to join such parties before they are time barred. The obligation on the Defendant to timely discover and disclose any such responsible third parties before the statute of limitations runs is but a fair and reasonable burden when compared to the excessive burden that would otherwise be visited upon the Plaintiff." *Id.* at 691. (Emphasis added.)

In this case, unlike federal cases wherein designations of responsible third parties were permitted after expiration of the statute of limitations, Defendants were all served several months

before the statute of limitations ran, and had been aware of the interaction of Amanda Marshall and Soluta Health, Inc. with Stephanie Gonzales since June 17, 2018.

**IV.     Conclusion.**

Permitting Defendants to designate responsible third parties under Chapter 33 would foil the legislative intent of federal civil rights and anti-discrimination laws by allowing them to foist their constitutional responsibilities onto a chosen stooge to alleviate their own culpability. Importation of a state proportional responsibility scheme into these claims was not anticipated or envisioned by Congress when they were created.  Chapter 33 by its own plain language is not applicable to these claims.  Additionally, Defendants have ignored the pleading requirements of Chapter 33 by hedging any actual assertions of responsibility on the part of their chosen third parties and misused the Texas scheme by withholding their pseudo-claims until after the expiration of the statute of limitations so as to prevent Plaintiff from joining Amanda Marshall and Soluta Health, Inc. as defendants in this action.  For these reasons, Plaintiff objects to Defendants' motion and it should be denied.

Respectfully submitted:

Law Offices of Dean Malone, P.C.

By: ___/s/   Kristen Leigh Homyk___
        Kristen Leigh Homyk

Attorney-in-Charge:

T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:       (214) 670-9904

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:     (214) 670-9989
Telefax:         (214) 670-9904

Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 19, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Mr. Aaron M. Dorfner          Mr. R. Layne Rouse
Cotton, Bledsoe, Tighe & Dawson     Shafer, Davis, O'Leary & Stoker
P.O. Box 2776                  P. O. Drawer 1552
Midland, Texas 79702         Odessa, Texas 79760-1552

                      _____/s/ Kristen Leigh Homyk_____
                      Kristen Leigh Homyk